**Elkin v Emerald Green Group, LLC**

2024 NY Slip Op 32865(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 160685/2023

Judge: J. Machelle Sweeting

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. J. MACHELLE SWEETING**

*Justice*

PART  62

-------------------------------------------------------------------------------X

JUDITH ELKIN,

Plaintiff,

- v -

THE EMERALD GREEN GROUP, LLC,JAMES CAIOLA, DAVID SALAMA, CITY OF NEW YORK, CENTRAL PARK CONSERVANCY, INC.,NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, TAVERN ON THE GREEN, ABC BUSINESS ENTITIES #1-5, FICTITIOUS BUSINESS ENTITIES

Defendants.

-------------------------------------------------------------------------------X

INDEX NO.  160685/2023

MOTION DATE  05/09/2024

MOTION SEQ. NO.  002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                    DISMISSAL                    .

In the underlying action, plaintiff Judith Elkin alleges that she sustained personal injuries as a result of a trip and fall accident which occurred on October 17, 2022 at the premises located at 67th Street & Central Park West, New York, NY 10023. Pending before the court is a motion to dismiss filed by defendants The Emerald Green Group, LLC d/b/a Tavern on the Green, James Caiola ("Caiola"), and David Salama ("Salama"), on the basis that they were not the owners of the property at the time of the incident and are not liable for the injuries allegedly sustained by plaintiff.

In opposition, plaintiff describes the accident as follows:

Plaintiff was an invitee onto Defendants City of New York and Central Park Conservancy's Central Park property for the purposes of attending an evening event being held inside the Tavern on the Green restaurant. Upon entering the Park, an employee, servant, agent or contractor of one of the Defendants moved and placed a metal barricade in such a manner and position as to create a tripping hazard in Plaintiff's path of travel causing her to trip over the metal barricade's footing, fall to the ground and sustain serious personal injuries, including a fractured right wrist and surgery.

160685/2023   ELKIN, JUDITH vs. THE EMERALD GREEN GROUP, LLC ET AL         Page 1 of 4
Motion No.  002

1 of 4

[* 1]

At the outset, it is not fully clear what relief movants seek, as the Notice of Motion (NYSCEF Doc. No. 25) states that movants seek, "an Order, Pursuant to CPLR §3211(a)(1), (7) and (8)"; the Attorney Affirmation in Support states in para. 3 that movants seek, "summary judgment pursuant to CPLR A§)3212 [sic]"; and the Attorney Affirmation Wherefore clause states that they seek relief "pursuant to CPLR §3211(a)(1), (3)."

However, it is clear that the movants' general argument is that the subject premises is owned by defendant City of New York and operated by defendant The Emerald Green Group, LLC, which does business as the restaurant known as Tavern on the Green. Movants argue that while Caiola and Salama are "owners and employees of Tavern on the Green," neither defendant owns the subject property in his individual capacity. Further, movants argue, the Complaint is devoid of any allegations sufficient to make out a claim to pierce the corporate veil, and hence, the Complaint as against Caiola and Salama as individuals must be dismissed. In support of these arguments, movants submit, *inter alia*, a sworn affidavit from Jim Caiola (NYSCEF Doc. No. 27).

In opposition, the plaintiff argues that if this is a motion to dismiss pursuant to documentary evidence, said evidence is not sufficient. And, if is a motion seeking summary judgment, movants have not eliminated questions of facts as to whether Caiola and Salama had individual oversight, supervision, control with respect to the causes of plaintiff's injuries.

160685/2023   ELKIN, JUDITH vs. THE EMERALD GREEN GROUP, LLC ET AL            Page 2 of 4
   Motion No.  002

2 of 4

[* 2]

Conclusions of Law

This motion is denied.  It is undisputed that the City of New York owns the land on which Tavern on the Green sits.  However, it is unclear as to which defendant, if any, is responsible for operating Tavern on the Green.

In the Complaint (NYSCEF Doc. No. 2), plaintiff alleges in paragraph 24 that defendant Emerald Green Group "had entered into a license agreement with respect to Defendant Emerald Green controlling, operating, managing, maintaining, inspecting and repairing the Tavern on the Green."  However, in the Answer filed by the Emerald Green Group (NYSCEF Doc. No. 12) they "Den[y] each and every allegation" with respect to plaintiff's assertions in this paragraph.

In his affidavit, defendant Caiola argues that he is a "proprietor of The Emerald Green Group, LLC," and states that, "The LLC was formed for the purposes of operating the restaurant known as Tavern on the Green, located inside Central Park, 67th Street and Central Park West, New York, New York."  Based on the record in this case, and the arguments made therein, it is unclear whether The Emerald Green Group is, or is not, responsible for operating Tavern on the Green.

Further, although the  movants argue that defendants Caiola and Salama do not own the land on which Tavern on the Green sits, the Complaint alleges that Caiola and Salama each entered into a license agreement with the landowner, with respect to "controlling, operating, managing, maintaining, inspecting and repairing the Tavern on the Green."   Caiola has not yet filed an Answer and the affidavit Caiola did submit is silent as to whether he did indeed enter into a license agreement.  As to Salama, the record is devoid of any indication that either an Answer or an affidavit has been filed.

**160685/2023   ELKIN, JUDITH vs. THE EMERALD GREEN GROUP, LLC ET AL**
**Motion No.  002**

[* 3]

As plaintiff properly argues:

8. What is missing here, for example, is the LLC's operating agreement setting forth the Defendants Caiola and Salama duties, responsibilities and scope of liability in connection to the LLC or the LLC's agreement with the Defendant City of New York once again setting forth the duties, responsibilities and scope of liability of the LLC as it relates to the issues as alleged by Plaintiff in her Complaint  […]

9. Equally important, Defendant Salama does not submit his own Affidavit here as to what his role, duties and responsibilities were as to the issues in the case. Instead, Defendant Caiola alleges that Defendant Salama was a "proprietor" but goes onto to state that it was only him, Defendant Caiola who "operated" the Restaurant on "behalf of [LLC]." Thus, the Defendant Salama has not established why he is entitled to have the case dismissed against him at this stage.

10. Equally unclear here from Defendant Caiola's Affidavit is what his role with respect to the LLC was as an alleged "proprietor" of the LLC. In New York State, owners of limited liability companies are defined as "members" not "proprietors". It is unclear if he was an owner of the LLC or an employee of the LLC or otherwise.

Finally, this court notes that these issues may be further clarified through discovery, including, *inter alia*,  the taking of depositions and the exchange of documentary evidence, none of which appears to have commenced in this case.

Conclusion

For the reasons stated above, it is hereby:

**ORDERED** that this motion is DENIED; and it is further

**ORDERED** that the movants may, at their election, file a new motion seeking summary judgment after relevant discovery has been concluded.

_____
8/13/2024
DATE

_____
J. MACHELLE SWEETING, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160685/2023   ELKIN, JUDITH vs. THE EMERALD GREEN GROUP, LLC ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]